**Justin N. Rosas**, OSB # 076412
**Justina Lara,** OSB # 206884
justin@justinrosas.com
justina@justinrosas.com
**The Law Office of Justin Rosas**
110 W. 11th St.
Medford, OR 97501
Phone (541) 245-9781

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **ANDRE BILODEAU,** et al, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**CITY OF MEDFORD**,<br><br>Defendants. | Case No.   1:21-cv-00766-CL<br><br>**PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS** |

**TO**:  The City of Medford and their attorney Thomas F. Armosino, Jr.

Pursuant to Fed. R. Civ. P. 26 and 34, Plaintiff directs the following requests for production of documents and interrogatories to Defendant.  Defendant is to answer these requests separately and fully, in writing, within the time allowed by Fed. R. Civ. P. 34, and the Definitions and Instructions set forth below.  Defendant is requested to produce and permit Plaintiff to inspect and copy documents and things hereinafter designated.  Defendant is requested to produce said documents and things within thirty (30) days at the offices of The Law Office of Justin Rosas at 110 W. 11th St. in Medford, OR 97501 or at such other time and place as may be agreed upon by the parties.  These requests impose continuing obligations, and any

1-      **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

additional responsive documents or things that may be discovered subsequent to the initial responsive production should be produced within a reasonable time following such discovery, pursuant to Fed. R. Civ. P. 26.

## DEFINITIONS & INSTRUCTIONS

1. The following definitions apply to these discovery requests:

    a. "You" or "your" includes the City of Medford and all assigns, agents, guardians and other persons acting in a representative capacity, including the city's attorneys and accountants.

    b. "Person" means an individual, corporation, partnership, group, association, business or governmental agency, or any other entity.

    c. "City" means the City of Medford, the political subdivision and municipal corporation of the State of Oregon, which includes all City employee's, elected officials, and agents.

    d. "Document" shall be construed in its broadest sense, and includes any original, reproduction or copy of any kind of written or documentary material, or drafts thereof, including, but not limited to, correspondence, memoranda, interoffice communications, emails, notes, journals, desk calendars, diaries, contract documents, appointment books, publications, calculations, estimates, working papers, vouchers, minutes of meetings, invoices, reports, studies, computer tapes and diskettes, computer files (including information stored on hard drives or disk drives), CD-ROMs, photographs, negatives, slides, video or audio tapes, telegrams, notes of telephone conversations, and notes of any oral communications.

    e. "To Camp" means to set up or to remain in or at a campsite.

    f. "Campsite" means any place where bedding, sleeping bag, or other material used for bedding purposes, or any stove or fire is place, established, or maintained for the purpose of maintaining a temporary place to live, whether or not such place incorporates the use of any tent, lean-to, shack, or any other structure, or any vehicle or part thereof.

    g. "Sweep" means any action of any nature taken by anyone against a person or groups of persons relating to unpermitted camping on public land, and includes without

limitation visiting camps, questioning individuals at camp, evacuations of camps, damaging or destroying camps and/or directing persons to move from camp, including notices of violation.

        h.     "Policy" or "Policies" means municipal policy, including but not limited to (1) the decisions or acts of lawmakers, police, and other policymaking officials and (2) recurrent practices whether or not reflected in writing.

        i.     Any other words used in these discovery requests are defined according to standard American use, as shown in a dictionary of the English language.

2.     In answering these discovery requests, you are required to furnish not only all information that you possess, but also all information that is available to you, including information obtained by your investigators, employees, agents, representatives, guardians, attorneys, and any other person or persons acting on your behalf.

3.     You are required to exercise due diligence to obtain the information requested. If you cannot obtain the information to answer a discovery request fully, then you are required to so state and to answer to the extent that you can answer, specifying which part of the discovery request you cannot answer, the reason(s) you cannot answer it, and any information you have concerning the unanswered portion.

4.     If you object, in whole or in part, to answering or producing documents in response to any request for production, state your objections and/or reasons for not answering and/or producing, state all factual and legal justifications that you believe support your objections or failure to answer or to produce, and state whether you are withholding any responsive documents based on your objection(s). If you object to answering only part of a discovery request, specify the part to which you object and respond to the remainder.

5.     If any request is deemed to call for privileged documents, and such privilege is asserted in order to avoid productions, provide a list with respect to each document withheld based on a claim of privilege, stating:

        a.     Type of document withheld (e.g., letter, memorandum, computer database, email, etc…);

        b.     Author(s) of document withheld;

        c.     Recipient(s) of the document withheld;

      d.    Date of document withheld

      e.    Subject matter of document withheld;

      f.    Nature of privilege(s) claimed;

      g.    The paragraph(s) of these requests to which the document relates.

6.    These discovery requests are continuing in effect pursuant to Fed. R. Civ. P. 26. This means that you are required to supplement or amend your answers if you or your attorneys obtain further information between the time your answers are served and the time of trial. You are hereby notified that Plaintiff may apply to the Court for an order directing that you be precluded from introducing evidence at trial that relates to the subject matter of any of these discovery requests and which you have not provided in your answers.

7.    Responsive documents shall be produced as kept in the ordinary course of business or shall be produced in a manner organized and labeled corresponding with the categories in these Requests in accordance with the Federal Rules of Civil Procedure. If there are no documents or things responsive to a particular Request, you should so state in writing.

8.    If any Request is unclear or ambiguous to you, please to contact undersigned counsel as soon as possible so that the Request can be clarified to avoid unnecessary delays in discovery.

**REQUESTS FOR PRODUCTION**

Please provide for inspection and copying all documents that reflect, describe, discuss, or mention any of the following:

**REQUEST FOR PRODUCTION NO. 1:** All documents related to violations of MMC 5.256, MMC 5.280, MMC 5.245, MMC 5.250, MMC 5.247, MMC 5.557, MMC5.705, MMC5.257, MMC 5.258 and MMC 5.296 issued since January 2016. This includes records of any police contact, reports, narratives, citations, arrests, bodycam footage of contacts, citizen complaints regarding violations, enforcement policies, and contact information for the persons excluded.

4-    **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** All documents related to any Trespass Letters of Consent, or functionally similar agreements between the City and property owners or tenants within the City that are active or have been active since January 2016.  This includes, but is not limited to, the letters of consent, officer initiated warning notices issued to homeless persons pursuant the notice, including any documentation of verbal warnings; citations or court pleadings issued against homeless persons as a result of a trespass warnings issued under an agreement; and emails and other written communications related to city policy on trespass letters of consent or functionally similar agreements in the past 5 years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All documents related to any criminal trespass or other arrests made from public parks or places since 2016, where the basis for the arrest was related to an earlier exclusion or enforcement of 5.257, 5.256, 5.280 or 5.296.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  All documents related to any exclusion zone that excludes service organizations or other persons who provide services to homeless persons.

5-     **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

This includes any proposals, whether enacted or not, and any maps, emails, memos, agendas, or meeting minutes related to such zones.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** All documents related to plaintiffs from 2015 to present. This includes, but is not limited to, documents related to any police contacts and bodycam footage of such contacts.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** All documents related to Medford Police Department policy regarding interactions with homeless people in Medford , however designated, in Medford since January 2016. This includes all documents related to written directives, policies, notices of camp sweeps, notification to social service providers of impending camp sweeps and standard operating procedure of the Medford Police Department concerning homeless camps, sleeping or camping in parks or other public property, people sleeping in automobiles (including RV's, campers, 5th wheels, etc…) on public streets, or MMC 5.256, 5.257, 5.258, 5.280 or 5.557.

**RESPONSE:**

6-      **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 7:** All documents related to city council consideration of availability of services to homeless persons and need for those services from January 2015 to present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All documents related to police procedures and policies on sweeps or clean-ups of homeless camps. Any annual or periodic reports or data relating to enforcement and follow up for these same sweeps.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All documents related to any park or downtown exclusion issued to any person in the City of Medford in the past five years including exclusion zone orders, notices and records of hearings in Medford Municipal Court.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All documents related to city council consideration of affordable housing, warming and cooling centers, or homeless shelters since January 2015. All submissions to federal or state governmental agencies regarding HUD.

7-       **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All documents related to the drafting, adoption, or revision of MMC 5.256, 5.257, 5.258, and 5.557.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** All documents related to any contracts or agreements between the City and the Medford Gospel Rescue Mission, Rogue Retreat or any other shelter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All documents related to policies, procedures, or agreements with Oregon Department of Transportation to remove persons who are sleeping or camping on ODOT property or remove personal property found at camps.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** All documents related to the founding, creation, structure, training and implementation of the Medford Police Department Livability

8-      **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Team and complaints about that team.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 15:** All documents related to the removal of unhoused residents from the Alba Park Gazebo.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 16:** All documents related to any estimate of the unhoused population or supporting documentation for those estimates.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 17:** All documents related to the creation of a CAHOOTS-like program in Medford.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 18:** All documents related to the implementation of Measure 110 and how it connects and relates to the exclusion zone ordinance.

9-       **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 19:** All grant applications and related filings where the City is seeking funding for addressing homelessness, mental health treatment, and drug and alcohol abuse within the community.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 20:** All grants where the City has been awarded funds for addressing homelessness, mental health treatment, and drug and alcohol abuse within the community.

**RESPONSE**:

**REQUEST FOR PRODUCTION NO. 21:** All communication, including emails, memos, letters from Council Members, City Attorney, City Officials, and Medford Police Department regarding the anti-camping statutes for the last five years.

**RESPONSE**:

10-     **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 22:** All communication from Council Members, City Attorney, City Officials, Rogue Retreat and the Medford Police Department regarding sweeps or move along efforts in the last 5 years.

**RESPONSE**:

## INTERROGATORIES

Pursuant to Fed R Civ P 33, plaintiff requests your responses to the following Interrogatories within thirty (30) days after service of this document. Pursuant to Fed R Civ P 26(e), these Interrogatories are deemed to be continuous in nature, and you are under a duty to amend any prior response if you obtain information sufficient to know that your response was incorrect when made, or you know that the response, although correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment, or if the Interrogatory relates to persons having knowledge or discoverable matters or to expert witnesses .

**INTERROGATORY NO. 1:** Please identify the number of beds (used or unused) at any publicly or privately funded homeless shelters within the City of Medford in the past two years.

**RESPONSE:**

11-    **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

**INTERROGATORY NO. 2:** Please identify the person currently most knowledgeable for the City of Medford about how Medford Police Department officers are trained to interact with homeless persons and any such person who has filled this role in the past 5 years.

**RESPONSE:**

**INTERROGATORY NO. 3:** Please identify the number of citations issued under Medford Municipal Code 5.256, 5.257, 5.258. 5.296, and 5.557 during the past five years, by year and to whom they were issued.

**RESPONSE:**

**INTERROGATORY NO. 4**: Please identify the number of park or downtown exclusions issued by year and the property from which those exclusions were issued for the past five years and tow hom they were issued.

**RESPONSE:**

**INTERROGATORY NO. 5:** Please state whether the City of Medford has any agreement with contractors regarding removing of persons or personal property from homeless camps or issuing of citations under MMC 5.256, 5.257, 5.557 and describe any such agreement.

**RESPONSE:**

**INTERROGATORY NO. 6:** Please list information regarding anyone that has challenged being excluded from any Medford area.

**RESPONSE:**

12-    **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

DATED:  October 20, 2021                     **FIRM**

                                                                            By:  /s/ Justin N. Rosas
                                                                                 Justin N. Rosas, OSB No. 076412
                                                                                 justin@justinrosas.com
                                                                   110 W. 11th St.
                                                                   Medford, OR 97501
                                                                   Telephone:  541-245-9781

                                                                   Attorneys for Plaintiff

13-      **PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DOCUMENT** on the following:

Thomas Armosino, Jr.

(except when served by fax), to be sent by the following indicated method or methods, on the date set forth below:

| | |
|---|---|
| **x** | by **mailing** in a sealed, first-class postage-prepaid envelope and deposited with the United States Postal Service at Medford, Oregon. |
| **x** | by **email** |
| | by **hand-delivery**. |
| | by sending via **overnight courier** in a sealed prepaid envelope. |
| **x** | by **faxing** to the attorney at the fax number shown above, which is the last-known fax number for the attorney's office. |

DATED:  October 20, 2021

**FIRM**

By: /s/ Justin N. Rosas
    Justin N. Rosas, OSB No. 076412
    justin@justinrosas.com
110 W. 11th St.
Medford, OR 97501
Telephone:  541-245-9781

Attorneys for Plaintiffs

1-    CERTIFICATE OF SERVICE