**Thomas F. Armosino, OSB No. 911954**
Email: Armosino@fdfirm.com
**Casey S. Murdock, OSB No. 144914**
Email: Murdock@fdfirm.com
FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, PC
2592 East Barnett Road
Medford, OR 97504
Phone: (541) 772-2333
Fax:    (541) 779-6379
  Of Attorneys for Defendant

**Eric B. Mitton, OSB 065925**
Of Attorneys for Defendant City of Medford
Medford City Attorney's Office
411 W. 8th Street, Room 260
Medford, OR 97501
(541) 774-2020
eric.mitton@cityofmedford.org
  Of Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ANDRE BILODEAU, ROBERT BESSY, AMBER MCNAB, AND GREG KILLINGSWORTH, individuals, on behalf of themselves and all others similarly situated; and DOES 1 through 100,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF MEDFORD,<br><br>Defendant. | Case No.: 1:21-cv-00766-CL<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** |

Page 1 – **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## RESPONSE

Plaintiffs' Motion summarizes the basis for amending their complaint, without specificity as to why it is proper, authorized, legally supported, newly discovered, or timely. Defendant does not object to including the two new plaintiffs, Travis Greiner and Rhonda Bjork. However, Plaintiffs failed to state a claim for relief with their references to "unlawful search and seizure" and provided insufficient legal or factual basis for amending under FRCP 15. *See, Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp.2d 791, 803 (W.D. Tenn. 2012), *aff'd*, 575 Fed. Appx. 662 (6th Cir. 2014) ("The Sixth Circuit has held that a motion for leave to amend under Rule 15(a) is governed by Rule 7(b), which states that a motion 'shall state with particularity the grounds for seeking the order.' Where a party seeking leave to amend does so 'in a single sentence without providing grounds or a proposed amended complaint to support' the request, the Sixth Circuit has held that the party fails to state the grounds for relief with particularity.")

This Court is aware of the standard required to amend a complaint. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *see also Ascon Properties,* 866 F.2d 1149, 1160 (9th Cir. 1989) (including court discretion to deny the motion when amendment is futile). Only a single factor is necessary to justify the denial of leave to amend. *Ascon Properties*, 866 F.2d at 1160. Plaintiffs' Motion falls far short of the required showing under FRCP 15. Instead, they resort to rumor, unstated changes in the law, and "stories" from non-parties.

Plaintiffs also attempt to utilize "unlawful search and seizure" as a basis for an Eighth Amendment claim. (ECF No. 25-1, p. 3 ¶ 6, p. 26 ¶ 72(g), p. 28 ¶ 85). The proposed factual allegation relates to third-party facilities (¶ 6; ¶ 85), but the legal claim is against Defendant (¶ 72(g)). Plaintiffs failed to state a claim for relief and cited no authority holding that a Fourth

Page 2 – **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Amendment violation is a separate count of an Eighth Amendment claim. Plaintiffs' attempt to conflate the two should not be allowed.[1] Nor should they be allowed to bring the search and seizure issues belatedly into this case as a basis for class certification, when the deadline for such motion already passed.

## CONCLUSION

For the foregoing reasons, Defendant opposes the substantive amendments – aside from including new plaintiffs – based on Plaintiffs' failure to meet the standard required by FRCP 15 and failure to state a claim for relief.

Dated this 29th day of April, 2022.

>  FROHNMAYER, DEATHERAGE, JAMIESON,
>  MOORE, ARMOSINO & McGOVERN, PC,
>
>  *s/ Casey S. Murdock*
>  Thomas F. Armosino, OSB #911954
>  Armosino@fdfirm.com
>  Casey S. Murdock, OSB #144914
>  Murdock@fdfirm.com
>  Of Attorneys for Defendant

---

[1] The Ninth Circuit in this context found the Eighth Amendment applied to, "place substantive limits on what the government may criminalize." *Martin v. Boise*, 920 F.3d 484, 615 (9th Cir. 2019). That is a separate issue entirely from whether the government may lawfully search and/or seize property in this circumstance. In other words, it is a secondary consideration and is not a *count* of an Eighth Amendment claim.

Page 3 – **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO AMEND COMPLAINT** upon:

> Justin N. Rosas
> justin@justinrosas.com
> Justina Lara
> justina@justinrosas.com
> THE LAW OFFICE OF JUSTIN ROSAS
> 110 W. 11th Street
> Medford, OR 97501
> Attorneys for Plaintiff's

☒ by automatic electronic transmission via the Court's Case Management and Electronic Case Filing practice.

☐ by mailing to said attorneys a copy thereof, certified by me as such, contained in a sealed envelope, with postage paid, addressed to said attorneys at said attorneys' last known address and deposited in the post office at Medford, Oregon, on the date set forth below.

Dated this 29th day of April, 2022.

FROHNMAYER, DEATHERAGE, JAMIESON,
MOORE, ARMOSINO & McGOVERN, P.C.

*s/ Casey S. Murdock*
Thomas F. Armosino, OSB #911954
Armosino@fdfirm.com
Casey S. Murdock, OSB #144914
Murdock@fdfirm.com
Of Attorneys for Defendant